FILED
COURT OF APPEALS
DIVISION II

2013 OCT -8 AM 9:21

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KADLEC REGIONAL MEDICAL CENTER, a Washington nonprofit corporation, | No. 43193-9-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| DEPARTMENT OF HEALTH, STATE OF WASHINGTON, | |
| Respondent. | |

BJORGEN, J. — Kadlec Regional Medical Center applied to the State Department of Health to increase its capacity by up to 114 beds. The Department issued Kadlec a certificate of need (CN) authorizing the addition of only 55 beds. Kadlec appeals the dismissal of its adjudicative challenge to that CN by a health law judge (HLJ). Kadlec argues that the HLJ wrongly dismissed the adjudicative proceeding because (1) Kadlec's CN application primarily requested 114 new beds and the denial of that application should receive an adjudicative hearing, (2) Kadlec's implementing the 55-bed CN did not waive its right to an adjudicative proceeding, and (3) the Department informed Kadlec that it had the right to an adjudicative proceeding. Kadlec alternatively argues that if we uphold the HLJ's dismissal, we should still grant judicial review and reverse based on the Department's use of an improper population projection in its CN

decision. We reverse the superior court's decision affirming the HLJ's dismissal, and we remand for an adjudicative hearing because Kadlec's application clearly focused on a 114-bed request, with two other scenarios seeking fewer beds as essentially secondary alternatives. Thus, the Department's grant of the 55-bed CN functioned as the denial of Kadlec's 114-bed CN request.

FACTS

## I. CERTIFICATE OF NEED (CN)

A central purpose of the state Health Planning and Resources Development Act, chapter 70.38 RCW, is to provide accessible health services, facilities, and other resources while controlling cost increases. RCW 70.38.015. The principal tool in accomplishing this is the requirement of RCW 70.38.105(4) that medical care centers obtain a CN from the Department before opening certain types of facilities or increasing a facility's capacity. The Department determines whether to grant a CN using the criteria set out in RCW 70.38.115. These include, among other elements, (1) need for the proposal, (2) availability of less costly or more effective alternative methods of providing the services, (3) quality of care, (4) financial feasibility, and (5) cost containment.

In November 2009 Kadlec applied for a CN, requesting to add 114 new hospital beds to its existing hospital in Richland. It also submitted alternative proposals for 75 new beds and 55 new beds because it did not know whether the Department would use a high-growth or a medium-growth population forecast. Since Kadlec had an immediate need for additional beds, it did not want to risk denial of its entire request.

The introduction, title sheet, and project description in Kadlec's CN application all

presented the proposal as one for 114 new beds. More specifically, the project description stated, "Kadlec is requesting . . . 114 acute care beds" and that, "[a]s part of its due diligence, Kadlec has sensitivity-tested other bed configurations" in terms of hospital capacity, financial performance, efficiency, and operating expenses. Administrative Record (AR) at 651-52. Kadlec's application stated further that without an increase in beds, it would face shortages in several departments starting in 2010. Although Kadlec's application did not state that it would refuse the 75- or 55-bed scenarios, it referred to them as "not preferred" and "inferior," explaining that under those scenarios, bed shortages would begin in 2012, while under the 114-bed scenario Kadlec would have sufficient beds for at least five years. AR at 703. Kadlec's application summarized that the 114-bed option was "the best opportunity to meet projected . . . demand," had the "fewest disadvantages," and was "the most efficient . . . of any option." AR at 710.

Shortly after Kadlec submitted its CN application, Kennewick General Hospital (KGH) also applied for a CN, requesting to add 25 new hospital beds. Because both applications involved facilities located in the Benton/Franklin counties' planning area, the Department reviewed them concurrently, conducting a public hearing in April 2010.

Through its review, the Department found a need for 61 new beds in the Benton/Franklin planning area by 2016. Based on this finding, it determined that KGH's proposed 25 new beds met the "need" criterion for issuance of a CN, but that Kadlec's proposed 114 new beds did not because it would lead to a surplus of 80 beds. AR at 25, 28 Nonetheless, because Kadlec had provided details for a 55-new-bed option, the Department "[was] able to consider a smaller bed

3

request [than that] on the face of the application." AR at 25. The Department determined that Kadlec's option of providing 55 new beds met the "need" criterion and that it would review Kadlec's CN application using that option rather than the 114-bed request. AR at 26.

Although the Department found that KGH met the "need" criterion, it determined that KGH did not meet remaining criteria and denied its request. AR at 14, 35, 39, 44. In contrast, the Department determined that Kadlec satisfied applicable criteria and issued a CN to it for 55 new beds.

## II. PROCEDURE

When the Department informed Kadlec and KGH of its determinations, it also advised each of the right to request reconsideration or an adjudicative proceeding. Kadlec requested an adjudicative proceeding, contesting the Department's decision to approve only 55 new beds, rather than 75 or 114 new beds. KGH requested reconsideration, which the Department denied. KGH then requested an adjudicative proceeding, contesting both the CN denial to KGH and the CN grant to Kadlec. With the parties' agreement, the Department consolidated the two adjudicative proceedings. At the same time, Kadlec added the 55 new beds authorized by its CN.

At the adjudicative proceeding the HLJ dismissed Kadlec's claim on summary judgment. The HLJ found that Kadlec submitted three alternative plans for expansion in its CN request: one for 114 beds, one for 75, and one for 55. The HLJ then found that the Department approved the 55-bed alternative and that Kadlec did not appeal that award.[1]

---

[1] Findings of fact are superfluous in review of an order for summary judgment. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706 n.14, 50 P.3d 602 (2002).

In its conclusions of law, the HLJ concluded that Kadlec's offering three separate alternatives within an application was not the same as offering three separate CN applications. Thus, the HLJ concluded that Kadlec did not have a right to appeal, because the Department did not deny Kadlec a CN; rather, it awarded Kadlec one of its requested options. The HLJ further concluded that even if Kadlec had a right to an adjudicative proceeding, it waived that right by adding the 55 new beds, thereby implementing the CN. Additionally, the HLJ concluded that the Department should not grant Kadlec a hearing under RCW 34.05.413(1) because to do so would ignore the plain language of other statutory provisions.

Kadlec sought superior court review of the HLJ's dismissal order on summary judgment and, in the alternative, the Department's underlying decision regarding Kadlec's larger bed request. The superior court affirmed the HLJ's dismissal order, determining that the Department's approval of 55 new beds was not a denial of Kadlec's CN and that Kadlec was not entitled to an adjudicative proceeding. The superior court further determined that because the Department approved Kadlec's 55-bed request, Kadlec did not have standing to seek judicial review of the Department's denial of its larger bed request. Kadlec appeals.

## ANALYSIS

Kadlec argues that the HLJ wrongly dismissed its adjudicative proceeding because (1) the alternative requests in Kadlec's CN did not strip Kadlec of the right to an adjudicative hearing on its primary request, (2) Kadlec's implementing the granted CN did not waive an adjudicative hearing, and (3) the Department informed Kadlec that it had the right to an adjudicative hearing. The Department responds that Kadlec has no right to contest a granted CN and that when the

Department informed Kadlec about an adjudicative proceeding, it was referring to the conditions on the CN. We agree with Kadlec that it is entitled to an adjudicative hearing on its request for 114 new beds.[2]

## I. STANDARD OF REVIEW

On appeal, we review the HLJ's decision, not the superior court's decision. *See King County v. Cent. Puget Sound Growth Mgmt. Hearings*, 142 Wn.2d 543, 553, 14 P.3d 133 (2000) (we review the agency decision rather than the superior court decision). In reviewing an order of summary judgment, we ask, in the absence of material issues of fact, whether a party is entitled to judgment as a matter of law. CR 56.

We generally give "'substantial weight . . . to the agency's view of the law if it falls within the agency's expertise in that special field of law.'" *Children's Hosp. & Med. Ctr. v. Dep't of Health*, 95 Wn. App. 858, 864, 975 P.2d 567 (1999) (quoting *Purse Seine Vessel Owners Ass'n v. Dep't of Fish & Wildlife*, 92 Wn. App. 381, 389, 966 P.2d 928 (1998)).

> The agency decision is presumed correct. . . . The error of law standard permits this court to substitute its interpretation of the law for that of the agency, but we accord substantial deference to the agency's interpretation, particularly in regard to the law involving the agency's special knowledge and expertise.

*Univ. of Wash. Med. Ctr. v. Dep't of Health*, 164 Wn.2d 95, 102, 187 P.3d 243 (2008) (quoting *Providence Hosp. of Everett v. Dep't of Soc. & Health Servs.*, 112 Wn.2d 353, 355-56, 770 P.2d 1040 (1989)).

---

[2] Kadlec alternatively argues that if we uphold the HLJ's dismissal, we should still proceed with judicial review and reverse the Department's determination of need because it was based on an improper population projection. The Department responds that Kadlec does not have standing for judicial review reserved for "'other agency action'" because this decision was an agency order in an adjudicative proceeding. Br. of Resp't at 11 (quoting RCW 34.05.570(4)). Because we hold that Kadlec should receive an adjudicative hearing, we do not reach Kadlec's alternative argument on the merits.

## II. ADJUDICATIVE PROCEEDING UNDER RCW 70.38.115(10)(a)

A.    Right To Hearing After A Denial

Kadlec first argues that it has a statutory right to an adjudicative hearing because the Department denied its CN application for 114 or 75 new beds. Based on the same statutory authority, the Department responds that Kadlec has no right to a hearing because the Department granted Kadlec's CN request for 55 new beds.

In its conclusions of law, the HLJ concluded that Kadlec's offering three separate alternatives within the application was not the same as offering three separate CN applications. The HLJ noted,

> There are sound policy reasons to deny Kadlec's approach. The applicant bears the burden of establishing that it meets all applicable criteria. WAC 246-10-606. By implication, this includes clearly stating what the applicant is applying for (what number of beds is being requested). Doing so avoids unnecessary adjudicative proceedings. Additionally, an applicant should not be permitted to circumvent the language in RCW 70.38.115(10(a) and WAC 246-310-610(1) by including several alternative approaches in the application process rather than making a clear declaration of its intent.

AR at 619 n.2. We review the HLJ's legal conclusions de novo; we defer to the agency's interpretation of the statute it administers, but we may substitute our interpretation of the law for the agency's interpretation under the error of law standard. *Univ. of Wash. Med. Ctr.*, 164 Wn.2d at 102.

The parties agree that under the statute an applicant denied a CN has the right to an adjudicative hearing. RCW 70.38.115(10)(a) provides, "[a]ny applicant denied a certificate of need or whose certificate of need has been suspended or revoked has the right to an adjudicative proceeding. The proceeding is governed by chapter 34.05 RCW, the Administrative Procedure

Act." Similarly, WAC 246-310-610(1) provides, "[a]n applicant denied a certificate of need or a certificate holder whose certificate was suspended or revoked has the right to an adjudicative proceeding."

The parties disagree, however, whether the Department denied Kadlec's CN by granting the smallest new bed alternative. The undisputed facts leave no doubt that Kadlec applied for a CN for 114 beds, with alternative options for 75- and 55-bed increases. The application itself repeatedly characterized the proposal as one for 114 new beds, describing that as "the best opportunity to meet projected . . . demand," as having "fewest disadvantages," and as "the most efficient . . . of any option." AR at 710. In contrast, the application characterized the smaller increases as "not preferred" and "inferior." AR at 703. The undisputed facts also show that Kadlec presented its request in this way because it had an immediate need for additional beds, but did not know what population forecast the Department would use. Since it could not risk denial of its entire request, it presented two smaller options to its preferred course of action.

Chapter 70.38 RCW is focused on providing sufficient, quality health services and facilities, while controlling increases in costs. *See* RCW 70.38.015, .105. Kadlec's application avoided an "all or nothing" approach that risked inadequate services if a single large request were denied. It also avoided the opposite extreme of a series of small requests that would need to be approved at short intervals to keep up with need. The flexibility of Kadlec's approach directly served the purposes of the statute and was consistent with the recognition in RCW 34.05.419(1)(a) that an adjudicative application may be approved or denied in whole or in part. The HLJ's spurning of Kadlec's approach overlooked the terms of the application and the purposes of the statute. Consideration of those terms and purposes leads to the conclusion that

8

the Department denied Kadlec's application to add 114 new beds and that Kadlec is entitled to an adjudicative proceeding to challenge that denial.

B.    Implementation

Kadlec further argues that it did not waive the right to an adjudicative hearing by implementing the 55-bed CN. The Department responds that Kadlec's implementation demonstrates acceptance of the 55-bed CN, thus waiving any right to appeal.

As just noted, under RCW 34.05.419, an adjudicative application may be approved or denied in whole or in part. The Department denied Kadlec's request for 114 beds, but approved an increase of 55. Kadlec's implementation of what was approved in no way deprives it of the right to challenge what was denied. A decision to the contrary would again jeopardize the statute's purposes by delaying needed capacity.

C.    Written Notice

Kadlec also argues that the Department expressly informed it that it had the right to an adjudicative hearing, which right would logically refer to the Department's denial of the larger bed requests. Because we hold that Kadlec had the right to an adjudicative proceeding under the statute, it is unnecessary to resolve this issue.

III. Conclusion

We conclude that the Department denied Kadlec's application for a CN authorizing the addition of 114 beds and that Kadlec consequently had the right to an adjudicative proceeding before the HLJ. Therefore, we reverse the superior court decision affirming the HLJ's dismissal

9

No. 43193-9-II

order and remand to the HLJ for an adjudicative proceeding on Kadlec's 114-bed request.

BJORGEN, J.

We concur:

HUNT, P.J.

PENOYAR, J.